Jenifer L. Tomchak (10127) (jen.tomchak@tomchaklaw.com)
Nicole A. Skolout (10223) (nicole.skolout@tomchaklaw.com)
TOMCHAK SKOLOUT
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 831-4820

*Attorneys for Plaintiff Ariella Gottlieb*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARIELLA GOTTLIEB, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>CIELO, INC., a Wisconsin corporation,<br><br>                    Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.<br><br>Judge |

Plaintiff Ariella Gottlieb, by and through her undersigned counsel, hereby alleges, avers, and complains of Defendant Cielo, Inc. as follows:

## PARTIES

1. Plaintiff Ariella Gottlieb ("Plaintiff" or "Gottlieb") is an individual who is a citizen of Utah and a resident of Salt Lake County, Utah.

2. Defendant Cielo, Inc. ("Defendant" or "Cielo") is a corporation incorporated in the Wisconsin with its principal place of business in Brookfield, Wisconsin, and therefore, is a citizen of Wisconsin.

3. At all times relevant to this Complaint, Gottlieb was employed by Cielo while she was domiciled and living in Salt Lake County, Utah, and performed most of her work for Cielo in Salt Lake County, Utah. Cielo also initiated contact with Gottlieb while she was domiciled and living in Salt Lake County, Utah; failed to pay her as set forth in this Complaint while she was domiciled and living in Salt Lake County, Utah; and constructively terminated her employment while she was domiciled in and living in Salt Lake County, Utah.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Alternatively, venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(3) because the Defendant is subject to the Court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

6. In or around February 2022, Cielo approached Gottlieb regarding an employment opportunity with the company.

7. At that time, Gottlieb was employed at Health Carousel as a Vice President of Workforce Solutions. Her annual salary was $270,000 and she earned in excess of $400,000 in commissions and other bonuses. She also received as benefits equity and succession plan.

8. Cielo needed her expertise to develop a new physician services division. She had more than 20 years of experience as a healthcare consultant and specific experience in

developing clinical staffing solutions. This expertise was essential for the new sector Cielo planned to develop.

9. Cielo offered Gottlieb the position of Vice President – Physician Services, which she was reluctant to take because its base salary was significantly less than her job at Health Carousel.

10. However, Cielo, through its representative(s) (Staci Roberts, Matt Jones, and/or Marissa Geist), assured Gottlieb that she would make more money at Cielo with stock options, bonuses, commissions, and closing awards.

11. Cielo, through its representatives, also represented to her that if she joined Cielo, they would provide the resources she needed to bring in and develop new accounts and that she would have control over her team.

12. Among other promises made to her by these representatives was that Cielo would make the investments necessary to fully develop the physician services product, including a dedicated and experienced team for the physician services accounts.

13. Consistent with those promises, in its February 28, 2022 Offer Letter to Gottlieb, Cielo indicated that Gottlieb (a) would be paid a base salary of $225,000; (b) would be eligible for incentive compensation; (c) would be eligible for an annual bonus of 30% of her salary ($67,500) based on the achievement of defined goals; (d) would be given a cell phone allowance of $75 per month; (e) and would receive a grant of 150 stock options.

14. In reliance upon and only because of the promises about her compensation and the resources that would be provided to her so that she could maximize her compensation did Gottlieb accept the position at Cielo.

15. Gottlieb electronically accepted and signed the Offer Letter.

16. Gottlieb began her employment with Cielo on March 28, 2022.

17. Cielo's February 27, 2015 Incentive Compensation Plan, which was in effect at the time Gottlieb joined Cielo and at all times during which she earned incentive compensation while at Cielo, provided that she would be paid (a) "Closing Awards" ranging from $2,000 to $25,000 for closing new accounts and obtaining certain contract renewals, to be paid quarterly; and (b) 5% commissions on gross profits for her new accounts and 1.25% on gross profits on renewed contracts, to be paid once revenue exceeds 200% of the commission adjusted quarterly.

18. While employed by Cielo, Gottlieb brought in numerous new accounts and earned substantial closing awards and commissions totaling over $55,000 and $171,500, respectively. Despite earning these closing awards and commissions, Cielo has never paid any of them to Gottlieb. Cielo also refused to respond to Gottlieb's repeated questions as to why these amounts had not been paid as promised.

19. Cielo also did not grant Gottlieb the 150 stock options set forth in her offer letter.

20. Cielo also failed to provide Gottlieb with the resources it promised her and failed to give her full control over her team.

21. In early July 2022, Gottlieb discovered and expressed her concerns about some of Cielo's unethical business practices.

22. Gottlieb raised these issues with management. Instead of addressing this unethical and unlawful conduct, Cielo purposely undermined her authority with the team that she was promised she would control and suddenly announced that it was changing how the annual bonus would be calculated, which deprived Gottlieb of amounts she had already earned.

23. As a result of Cielo's failure to pay Gottlieb the incentive compensation, bonuses, and other benefits owed to her and its actions after she reported its unlawful conduct to management, Cielo made Gottlieb's working conditions so intolerable that it was impossible for her to continue to work at the company and she resigned effective October 7, 2022.

24. Cielo accepted her resignation without qualification.

25. However, before Gottlieb's effective resignation date and on Yom Kippur during her scheduled religious leave, Cielo terminated her access to Cielo's systems without notice.

26. As a result, Gottlieb got frantic messages from her client contacts during her religious leave wondering why Gottlieb was not on calls that had been scheduled by Cielo during her leave. Gottlieb was forced to return to work before her scheduled leave was complete.

27. To add insult to injury, Cielo has refused to pay her for her last two weeks of work or to reimburse her for her cell phone for the last six months.

28. Cielo has continued to refuse to pay her the compensation and other benefits it owed to her, and when she demanded payment, it threatened her with a lawsuit to deter her from seeking the compensation owed to her.

## **FIRST CAUSE OF ACTION**
## **BREACH OF CONTRACT**

29. Gottlieb realleges and incorporates the preceding paragraphs as if set forth fully herein.

30. Gottlieb had a valid and enforceable contract with the Cielo concerning her compensation.

31. First, Cielo's Offer Letter to Gottlieb provided that she (a) would be paid a salary of $225,000; (b) would be eligible for incentive compensation; (c) would be eligible for an

annual bonus of 30% of her salary ($67,500) based on the achievement of defined goals; (d) would be given a cell phone allowance of $75 per month; (e) and would receive a grant of 150 stock options.

32. Second, Cielo's Incentive Compensation Plan in effect at the time Gottlieb earned incentive compensation from Cielo provided that she would be paid (a) "Closing Awards" ranging from $2,000 to $25,000 for closing new accounts and obtaining certain contract renewals, and (b) 5% commissions on gross profits for her new accounts and 1.25% commissions on gross profits for contract renewals, to be paid when more than 200% of her commission had been paid, adjusted on a quarterly basis.

33. At all times relevant to the allegations herein, Gottlieb performed all of her obligations under the contract.

34. Cielo breached this contract by failing to pay Gottlieb (a) two weeks of salary, totaling $8,000; (b) any of her earned closing awards, totaling over $55,000; (c) any of her earned commissions, totaling over $171,500; (d) an earned prorated annual bonus of $39,375; and (e) the $75 per month cell phone allowance, totaling $750.

35. Cielo further breached this contract by failing to grant Gottlieb 150 stock options with a value of $150,000.

36. As a result of these breaches, Gottlieb has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

37. Gottlieb realleges and incorporates the preceding paragraphs as though fully set forth herein.

38. The Offer Letter and Incentive Compensation Plan constitute a valid and enforceable compensation contract to which Gottlieb and Cielo are parties.

39. Inherent within the foregoing contract is an implied covenant of good faith and fair dealing requiring Cielo not to do anything that would deprive Gottlieb of her justified expectations to receive the compensation and other benefits owed to her.

40. Cielo has breached the covenant of good faith and fair dealing by depriving Gottlieb of her justified expectations under the contract, by, among other things, retroactively changing how the annual bonus would be calculated, refusing to respond to her questions concerning Cielo's failure to pay her the compensation and other benefits owed to her, and failing to pay her the compensation and other benefits owed to her.

41. Cielo has also interfered with Gottlieb's justified expectations by failing and refusing to provide her with the resources it promised her, which were necessary for her to perform her job, and by interfering with her ability to perform her job.

42. Gottlieb has been damaged as a result of such breach in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### PROMISSORY ESTOPPEL

43. Gottlieb realleges and incorporates the preceding paragraphs as if set forth fully herein.

44. Prior to and in connection with her acceptance of employment with Cielo, Cielo represented to Gottlieb that she (a) would receive a base salary; (b) would receive incentive compensation as provided under the applicable Incentive Compensation Plan; (c) would be eligible for an annual bonus; (d) would receive a cell phone allowance; (e) would receive a grant

of stock options; (f) would have full control of her team; and (g) would be given the resources necessary to develop the product Cielo was asking her to sell.

45. In making these representations, Cielo intended that Gottlieb rely on them.

46. In reasonable reliance on these representations, Gottlieb left her prior position to accept the position being offered by Cielo. In so doing, Gottlieb gave up a lucrative position to join Cielo.

47. Gottlieb suffered a substantial detriment when Cielo broke its promises to her and failed to pay her the compensation and other benefits that she earned.

48. As a result of Cielo's actions, Gottlieb has been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

49. Gottlieb realleges and incorporates the preceding paragraphs as though fully set forth herein.

50. A substantial benefit was conferred upon Cielo by Gottlieb when she brought in new accounts and generated significant profits for her accounts.

51. Cielo knew of the benefit conferred upon it through Gottlieb's hard work and efforts and of their failure to pay or compensate Gottlieb as required under the parties' agreement.

52. Cielo's retention of compensation and other amounts owed to Gottlieb would be inequitable under the circumstances, and such monies should be awarded to Gottlieb in amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## FRAUDULENT INDUCEMENT

53. Gottlieb realleges and incorporates the preceding paragraphs as though fully set forth herein.

54. In its communications and interactions with Gottlieb prior to her accepting Cielo's offer of employment, Cielo intentionally made false and material representations to Gottlieb concerning the terms of her employment. During those discussions, Cielo made numerous, specific representations to Gottlieb about the resources that would be made available to her if she joined the company, the level of control she would have over her team if she joined the company, and how and when she would be paid for her performance if she joined the company. Specifically, Cielo represented to Gottlieb that she would be able utilize as many employees as needed to bring in and develop new accounts, that she would have full control over her team, and that she would receive incentive-based compensation, including closing awards and commissions based on the accounts she brought in and the performance of her accounts. These representations were false. After Gottlieb was hired, Cielo failed to fulfill any of the promises it made to Gottlieb.

55. Cielo knew that the representations it made to Gottlieb were false or they were made recklessly and without regard for their truth.

56. Cielo made these representations to Gottlieb for the purpose of inducing her to leave her prior lucrative position and accept employment with the company.

57. Gottlieb reasonably relied on Cielo's representations in accepting employment with Cielo and did not know that they were false at the time they were made.

58. As a direct, proximate, and foreseeable result of this reasonable reliance on Cielo's representations, Gottlieb has been damaged in an amount to be determined at trial.

59. Cielo's conduct was undertaken in bad faith, with malice, and with reckless indifference to Gottlieb's rights. Gottlieb is therefore entitled to punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

60. Gottlieb realleges and incorporates the preceding paragraphs as though fully set forth herein.

61. At all relevant times, Gottlieb was an employee of Cielo.

62. Utah has a substantial and established public policy against theft, embezzlement, and the misappropriation of funds.

63. Gottlieb was constructively terminated from her employment with Cielo for improper reasons unrelated to her performance. Specifically, Cielo constructively terminated Gottlieb by refusing to pay her compensation and other benefits owed to her and for raising issues with Cielo's management concerning Cielo's unethical business practices. When Gottlieb raised these issues with management, Cielo purposely undermined her authority with the team that she was promised she would control and suddenly announced that it was changing how her annual bonus would be calculated, thereby depriving Gottlieb of amounts she had already earned. Cielo made Gottlieb's working conditions so intolerable that she had no choice but to resign.

23. Cielo's actions were willful and malicious or, in the alternative, were taken with knowing and reckless disregard for Gottlieb's rights.

10

24. Gottlieb is entitled to an award of compensatory and punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Gottlieb prays for judgment in her favor and for the following relief:

1. An award of damages against Defendants in an amount to be proven at trial but not less than $425,000;

2. An award of pre- and post-judgment interest to the maximum extent allowed by law;

3. An award of punitive damages as allowed for by law;

4. An award of attorney's fees and costs as allowed for by law;

5. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Gottlieb hereby requests trial by jury of all claims and issues triable of right by a jury.

DATED: November 15, 2022.

/s/ Jenifer L. Tomchak
TOMCHAK SKOLOUT
Jenifer L. Tomchak

*Attorneys for Plaintiff Ariella Gottlieb*